IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BILLY JOE TOMLINSON; and
LANELLE TOMLINSON                                                         PLAINTIFFS

vs.                                                                       No. 3:05CV126-D-A

THE TRAVELERS INSURANCE
COMPANY; JAMES S. MASON; et al.                                           DEFENDANTS

OPINION GRANTING MOTION TO REMAND

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Marshall County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

The Plaintiffs purchased a life insurance policy from the Defendant Travelers Insurance Company (Travelers) through a Travelers sales agent, James S. Mason (the individual Defendant). The Plaintiffs subsequently filed suit in the Circuit Court of Marshall County, Mississippi, on September 9, 2005, alleging that the Defendants' conduct in connection with the sale and performance of the Plaintiffs' insurance policy renders the Defendants liable under various causes of action including fraudulent concealment and breach of contract. Specifically, the Plaintiffs claim that the Defendants falsely represented that the Plaintiffs would only be required to pay level out-of-pocket premiums for a certain period of time before their out-of-pocket premiums would vanish. The Defendants subsequently removed the action to this court, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiffs have now motioned the court to remand this matter to state court.

## B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiffs, however, assert that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

Here, the Plaintiffs and the individual Defendant Mason are resident citizens of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiffs improperly[1] joined Mason in order to defeat diversity. Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). But, if the court finds that Mason has not been improperly joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. See Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (federal diversity jurisdiction exists only if no plaintiff is a citizen of the same

---

[1]The Fifth Circuit has adopted the term "improper joinder," rather than "fraudulent joinder," and has stated that while there is no substantive difference between the two terms, the phraseology "improper joinder" is preferred. McDonal v. Abbott Laboratories, 408 F.3d 177, 180 (5th Cir. 2005).

state as any defendant); Wright v. Combined Ins. Co. of America, 959 F. Supp. 356, 361 (N.D. Miss. 1997).

The improper joinder doctrine constitutes "a narrow exception to the rule of complete diversity." McDonal, 408 F.3d at 183. The party alleging improper joinder bears the burden of persuasion, and that burden is quite stringent. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been improperly joined by a plaintiff hoping to defeat federal diversity jurisdiction, the removing party must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). Under the second prong of this test, the court examines "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). If no reasonable basis of recovery exists, a conclusion may be drawn that the plaintiff's decision to join the local defendant was indeed improper, unless that showing compels dismissal of all defendants, in which case there is no improper joinder. McDonal, 408 F.3d at 183. Improper joinder has not occurred if a defense raised by the defendants compels the same result for the resident and nonresident defendants, because this would simply mean that the plaintiff's case is ill founded as to all the defendants rather than just as to the resident defendants. Id. In other words, if the showing of no possibility of recovery against the local defendant applies equally to all claims against all defendants, remand is appropriate. Id. The Defendants here do not allege outright

fraud, so the court must determine whether "there is any reasonable basis for predicting that [the Plaintiffs] might be able to establish [the non-diverse Defendant's] liability on the pleaded claims in state court." Travis, 326 F.3d at 647. In making this determination, the court evaluates all of the factual allegations in the Plaintiffs' pleadings in the light most favorable to the Plaintiffs, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiffs. Hart, 199 F.3d at 246.

Likewise, in evaluating a claim of improper joinder, the court does not focus on whether the Plaintiffs will prevail on the merits of their claims. Instead, the court simply determines whether there is a possibility that the Plaintiffs will be able to state a claim against the allegedly improperly joined individual Defendant. Rodriguez, 120 F.3d at 591; see also B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. Unit A 1981) (holding that, to successfully move for remand, plaintiff's burden is "much lighter" than that required to survive motion for summary judgment; instead, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for case to be remanded). Further, it is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

As set forth below, the court finds that the Defendants have failed to establish that there is no possibility that the Plaintiffs will be able to state a claim against the individual Defendant. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

*C. Discussion*

1. General Principles

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings. Smallwood, 385 F.3d at 573. In the case at bar, the Plaintiffs allege that the individual Defendant committed fraud in connection with, and subsequent to, the Plaintiffs' purchase of a life insurance policy from Travelers through the individual Defendant.

Under Mississippi law, an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment, and a tort claim can be maintained against that agent. Hart, 199 F.3d at 247. The agent is subject to personal liability when he "directly participates in or authorizes the commission of a tort." Hart, 199 F.3d at 247 (quoting Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc., 492 So. 2d 977, 978 (Miss. 1986)); see American Fire Prot., Inc. v. Lewis, 653 So. 2d 1387, 1391 (Miss. 1995) ("[A]n individual may be held jointly liable with a corporation for a tort he commits as an agent of the corporation."). Here, the Plaintiffs have alleged that the individual Defendant, as a Travelers agent, directly participated in the commission of at least one tort, fraudulent concealment, while within the scope of his employment. The Defendants claim, however, that there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against the individual Defendant in state court.

2. Statute of Limitations and Elements of Fraud Claim

First, the Defendants assert that the Plaintiffs' claims against the individual Defendant are barred by the applicable statute of limitations, which requires that actions such as this be commenced within three years after the causes of action accrue. Miss. Code Ann. § 15-1-49 (1972). In support

of their position, the Defendants point out that the Plaintiffs purchased the subject insurance policy more than three years prior to the filing of this suit, and that under Mississippi law, a cause of action for fraud or misrepresentation accrues upon completion of the sale induced by the false representations or upon consummation of the fraud or misrepresentation. Dunn v. Dent, 153 So. 798, 798-99 (Miss. 1934).

In response, the Plaintiffs cite Section 15-1-67 of the Mississippi Code, which tolls the statute of limitations in cases of fraudulent concealment. Specifically, Section 15-1-67 provides that

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been first known or discovered.

Miss. Code Ann. § 15-1-67 (1972).

While the Defendants do not dispute the applicability of § 15-1-67 to cases such as this, they assert that the Plaintiffs have not adequately alleged that the individual Defendant took affirmative acts of concealment, subsequent to the sale of the Plaintiffs' insurance policy, that prevented the Plaintiffs from discovering their causes of action. The Defendants also argue that the Plaintiffs could have, with due diligence, discovered their claims against the individual Defendant much earlier than they did.

In Stephens v. Equitable Life Assur. Society of U. S., 850 So. 2d 78 (Miss. 2003), the Mississippi Supreme Court set forth the factors that must be proven before Section 15-1-67 can operate to toll the statute of limitations for a cause of action. The Stephens court stated that "the plaintiffs have a two-fold obligation to prove that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on their part to discover it."

Stephens, 850 So. 2d at 84.

In accordance with Stephens, the court first considers whether the Plaintiffs have sufficiently alleged that the individual Defendant engaged in any affirmative act or conduct that prevented the Plaintiffs from discovering their claims. The court finds that the Plaintiffs have sufficiently alleged, in paragraphs 62, 81 and 100 of their Complaint, that the individual Defendant engaged in affirmative acts of concealment that prevented the Plaintiffs from discovering their causes of action until such time as to render the filing of this suit untimely. See Phillips v. New England Mut. Life Ins. Co., 36 F. Supp. 2d 345, 349-50 (S.D. Miss. 1998) (similar allegations of fraudulent concealment by individual agent deemed sufficient to potentially toll statute of limitations); Hignite v. American Gen. Life & Accident Ins. Co., 142 F. Supp. 2d 785, 790-91 (N.D. Miss. 2001) (same).

In addition, the court finds that the Defendants have failed to establish that the Plaintiffs failed to exercise due diligence in discovering their claims. Section 15-1-67 states that a cause of action is deemed to have accrued at the time the plaintiffs actually discovered the defendant's alleged fraud, or with reasonable diligence might have discovered it. In taking the Plaintiffs' factual allegations in the light most favorable to the Plaintiffs, as the court must at this stage of the proceedings, the court cannot hold that the Plaintiffs might have discovered the Defendants' purported fraud any sooner than it was in fact discovered. See, e.g., Smith v. Union Nat'l Life Ins. Co., 187 F. Supp. 2d 635, 653 (S.D. Miss. 2001). As such, the court finds that there is at least a genuine issue of material fact as to the time when the Defendants' purported fraud should have been, or with reasonable diligence might have been, first known or discovered.

Accordingly, the court holds that the Defendants have not shown that the Plaintiffs can prove no set of facts that supports their claim that the statute of limitations applicable to their causes of

action was tolled. The Plaintiffs have alleged specific facts that, if proven, make it possible for the state court to toll the statute of limitations pursuant to Section 15-1-67, should tolling be necessary.

*D.  Conclusion*

In sum, the Plaintiffs' complaint, taking all allegations set forth as true and resolving all uncertainties of state law in favor of the Plaintiffs, at least raises the possibility that they could succeed in establishing a tort claim against the individual Defendant under Mississippi law. <u>See, e.g.,</u> <u>Bank of Shaw v. Posey</u>, 573 So. 2d 1355, 1362 (Miss. 1990) (setting forth elements of fraud under Mississippi law). Taking the allegations set forth in paragraphs 59-63 and 66 of the complaint as true, the court finds that the Plaintiffs' complaint adequately states a potential cause of action against the individual Defendant for fraud under Mississippi law. <u>Bank of Shaw</u>, 573 So. 2d at 1362.

Accordingly, the court finds that the individual Defendant's citizenship cannot be ignored for the purposes of determining subject matter jurisdiction. His presence in this civil action means that the complete diversity of citizenship necessary to maintain federal jurisdiction over this case is absent. As such, this cause shall be remanded to the Circuit Court of Marshall County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 12th day of June 2006.

<u>/s/ Glen H. Davidson</u>
Chief Judge